UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DORIS PICHARDO-HERNANDEZ,

                Petitioner,        09 Civ. 8923 (RWS)

  -against-                              OPINION

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------X

A P P E A R A N C E S:

    Pro Se

    DORIS PICHARDO-HERNANDEZ
    #60384-054
    FCI Danbury
    33 ½ Pembroke Station
    Danbury, CT 06811

    Attorney for Respondent

    PREET BHARARA
    United States Attorney for the
        Southern District of New York
    86 Chambers Street, 3rd Floor
    New York, NY  10007
    By:  Brendan McGuire, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-13-10

**Sweet, D.J.,**

Doris Pichardo-Hernandez (the "Petitioner" or "Pichardo-Hernandez"), pro se, has filed a petition to vacate, set aside, or correct her sentence pursuant to Titled 28, United States Code, Section 2255. Pichardo-Hernandez claims that her attorney, Stewart L. Orden, Esq. ("Orden"), provided her with ineffective assistance of counsel because (i) he did not fully explain how her sentence was calculated under the United States Sentencing Guidelines (the "Guidelines"), and (ii) he promised her a sentenced below the 37 months' imprisonment that she received.

On April 28, 2008, Pichardo-Hernandez pled guilty to conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956. Pichardo-Hernandez was sentenced principally to a term of 37 months' imprisonment. Pichardo-Hernandez did not file an appeal.

"[A]n ineffective assistance of counsel claim may be brought in a collateral proceeding under 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504

1

(2003). However, in order to prevail on such a claim, the petitioner bears the burden of disproving the initial presumption that counsel's conduct was reasonable. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Such a burden can only be met if petitioner can demonstrate that the representation he received did not meet "an objective standard of reasonableness" under "prevailing professional norms." Id. Moreover, petitioner must "affirmatively prove prejudice" by demonstrating that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693-94. Only if both of these elements are satisfied can a defendant demonstrate that he did not receive effective counsel as guaranteed by the Sixth Amendment. Id. at 687.

Orden's representation of Pichardo-Hernandez met an objective standard of reasonableness under prevailing professional norms. As her attorney, Orden negotiated a plea agreement for Pichardo-Hernandez in which the Government agreed to a Guidelines range of 37 to 46 months. Given Pichardo-Hernandez's role in the charged conspiracy, the potential scope of the conspiracy and the applicable Guidelines provisions, this result served Pichardo-Hernandez's interests well.

Moreover, Pichardo-Hernandez's contentions that Orden did not fully explain how the Guidelines applied to her case and that he promised her a lower sentence are belied by the record in this case, including Pichardo-Hernandez's own statements. Indeed, three different documents that Pichardo-Hernandez said she reviewed provided for the same sentencing range that as imposed on her. First, at her plea proceeding, Pichardo-Hernandez acknowledged that (i) she had reviewed the plea agreement with her attorney with the assistance of a Spanish interpreter before signing it; (ii) her attorney had explained all the terms and conditions of the plea agreement to her; and (iii) the expected term of imprisonment under the plea agreement if the Guidelines applied was 37 to 46 months. See Plea Transcript at 12-14. Second, the Pre-Sentence Report ("PSR"), which was issued on June 20, 2008, provided for the same Guidelines range of 37 to 46 months. At the sentencing proceeding on December 2, 2008, Orden states that he had reviewed the PSR with Pichardo-Hernandez and that the defense had no objections to it. See Sentencing Transcript at 2. And third, the Court's Sentencing Opinion, dated September 30, 2008, contained the same Guidelines analysis as the plea

3

agreement and the PSR, and indicated that the Court intended to impose a sentence of 37 months' imprisonment. Against, at sentencing, Orden noted that he had reviewed the Sentencing Opinion with Pichardo-Hernandez and that the defense had no objections to it.

Each of these three documents advised Pichardo-Hernandez of the potential sentence she faced. The record has established that Orden reviewed the plea agreement, the PSR and the Court's Sentencing Opinion with Pichardo-Hernandez, and that she was fully and accurately informed about her potential sentence from the time of her plea until sentencing. While she may be disappointed in the sentence she received, Pichardo-Hernandez cannot now claim that Orden's representation of her was ineffective. To the contrary, Orden was responsible and diligent in his representation of Pichardo-Hernandez, and in the process, secured a fair resolution of the case for his client. As a general rule, a habeas petitioner will be able to demonstrate that trial counsel's decisions were objectively unreasonable only if "there [was] no . . . tactical justification for the course taken." United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998) (per curiam). Orden was entirely justified in the manner in which he

4

represented her, and Pichardo-Hernandez has not established otherwise.

Finally, even if Pichardo-Hernandez could establish that her counsel's representation was deficient, she cannot prove that it resulted in any prejudice. "[T]he 'prejudice' component of the Strickland test . . . focuses on the question of whether counsel's deficient performance renders the result of the [proceeding] unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 346, 372 (1993). That is, the reviewing court must assess "whether, absent counsel's deficient performance, there is a reasonable probability the outcome of the proceeding would have been different." Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). In this case, the record established that Pichardo-Hernandez had pled guilty knowingly and voluntarily, fully ware that she faced a sentence between 37 and 46 months; imprisonment. Accordingly, there was no prejudice.[1]

---

[1] To the extent Pichardo-Hernandez questions whether the Court erred in calculating her sentence, that claim is also rejected. The parties, Probation, and the Court all agreed upon the Guidelines analysis and

5

For the foregoing reasons, the motion of Pichardo-Hernandez is dismissed with prejudice.

It is so ordered.

**New York, NY**
**April /3, 2010**

ROBERT W. SWEET
U.S.D.J.

---

the applicable Guidelines range at sentencing. Despite being given the opportunity to object to the analysis and the applicable range at her plea, prior to sentencing, and during her sentencing, Pichardo-Hernandez did not. There was no error by the Court or by defense counsel in failing to object because the Guidelines analysis was proper and Pichardo-Hernandez fails to demonstrate otherwise.

6